Daniel, Judge,
after stating the case, proceeded: We are of the opinion, that the charge of the Judge was correct.— The possession of one tenant in common is the possession of the other; each' has a right to enter upon the land and enjoy it jointly with the others. If one tenant in common destroys houses, trees, or does any act amounting to waste or destruction in woods or other such property, the other tenant may have an action on the case against him. But he never can, in any event, have an action of trespass quare clausum f re-git against his co-tenant. Co. Lit. 200, 1 Thomas Co. Lit. 785, 1 Chitty’s Gen’l. Prac. 271. The other defendants were not trespassers; as they entered and acted by the direction of Meredith.
The rejection by the Court of the plaintiff’s motion to a~ mend the declaration, was a matter in the discretion of the Judge; and it is not a ground of appeal to this Court. It may be proper to remark that as no objections were taken at the trial to the sufficiency of the pleas, we understand the note of the plea of liberum tenementum (afterwards to be drawn out in full) to mean that the locus in quo, was the freehold of Meredith, and that Causey entered with him and under his authority. We think the judgment must be affirmed.
Pee. Curiam. Judgment affirmed.